# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

|   |   |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 05-239-01-PB |
| ) | |
| GEORGE A. RIPSOM ) | |

## SENTENCING MEMORANDUM

George A. Ripsom ("the defendant") submits this memorandum of law in order to aid the Court in reaching the proper disposition in this matter. The defendant previously pleaded guilty to a four-count information charging him with (1) possession with intent to distribute cocaine in violation of 21 U.S.C. § 846, (2) possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1), (3) drug user in possession of a firearm in violation of 18 U.S.C. § 922(g)(3), and (4) possession of means of identification of another person with intent to commit unlawful activity in violation of 18 U.S.C. § 1028(a)(7).

In drafting its Pre-sentence Investigation Report ("PSR"), the United States Probation Office has determined that the defendant's total offense level is 22 and his criminal history category is II. A total offense level of 22 coupled with a criminal history category of II yields an advisory sentencing guideline range of 46 to 57 months in prison. Pursuant to an agreement with the government, however, the defendant asks the Court to impose a sentence of 60 months in prison, which is three months above the high end of the recommended guideline range. The parties here believe that a sentence of 60 months

best comports with the factors enumerated in 18 U.S.C. § 3553(a) including the need for deterrence and the seriousness of the offense conduct.

The defendant stands ready to accept a sentence of 60 months. The defendant, however, has some serious health concerns such as diabetes, depression, hepatitis C, and an addiction to cocaine. In view of his health concerns, the defendant asks the Court to recommend that the United States Bureau of Prisons ("BOP") designate him to the medical wing of FMC Devens in Ayer, Massachusetts. The defendant also asks the Court to recommend the defendant's placement in the BOP's drug treatment program. With the necessary treatment for his medical conditions and drug dependency, the defendant has an opportunity to emerge from his incarceration as a fully functioning and productive member of society.

## FACTS AND BACKGROUND

Born on December 31, 1963, the defendant grew to maturity as the youngest child in an average middle-class home in Chelmsford, Massachusetts. His mother was a homemaker who reared four children, including the defendant. The defendant's father was a captain in the United States Navy. The defendant's father instilled a strict disciplinarian approach upon his children, especially his only son. The slightest act of misconduct often resulted in merciless beatings with a strap, belt, or other item of clothing his father could fashion. Rather than produce a "model soldier," the abusiveness wrought by the defendant's father produced the opposite result. The defendant rebelled.

Upon graduation from high school in 1981, the defendant moved out of his parent's home and resided with one of his sisters. At that point, he turned to drugs. Starting with alcohol and marijuana, he soon became addicted to cocaine. The addiction

2

blossomed to a point where the defendant had no job, no money, and no permanent home for much of his early 20's. In his mid-20's, after drifting homeless through the streets of Virginia and Kentucky, the defendant reestablished ties with his family in Massachusetts. The defendant enrolled in the Gosnold Drug Treatment Center in Falmouth, Massachusetts, and reportedly overcame his cocaine addiction.

Following his recovery, the defendant met a woman named Deborah Keating ("Keating"). He and Keating entered into a serious relationship that seemed destined for marriage until doctors diagnosed her with cancer. The defendant watched helplessly as Keating suffered and eventually succumbed to her illness. Her death devastated him. After fifteen years of sobriety, the defendant returned to cocaine use. His addiction grew worse and soon he needed to sell drugs (and other items of value) to support his habit. His decision to sell cocaine eventually led to his arrest on the instant charges back on April 4, 2005.

Held without bail since his arrest, the defendant has successfully completed a drug treatment program administered by the State of New Hampshire (see attached certificate, Exhibit 1). In order to ensure his recovery, however, the defendant is aware that he needs the highly advanced drug treatment program administered by the United States Bureau of Prisons, and respectfully suggests he is an ideal candidate for Court-ordered enrollment. In addition to drug addiction, the defendant also suffers from various physical maladies such as hepatitis C, depression, high blood pressure, and diabetes. Although prison doctors have prescribed medications for these conditions, the defendant seeks further medical treatment through a specially designated BOP medical facility, like FMC Devens.

FMC Devens is also requested because, as a result of his arrest and incarceration, the defendant and his father have forged a new relationship based on support, understanding and trust. On a weekly basis, his octogenarian father, long since retired from the Navy, has traveled to Strafford County to visit the defendant. Except for a three week hiatus when he was recovering from hip surgery, Captain Ripsom has not missed a weekly visit with the defendant in the sixteen months that his son has been incarcerated. There is no question that the relationship that has developed between father and son during this period has not only helped assuage the defendants' anger and hurt from his childhood, but has also helped him commit and pledge a life of sobriety and conformity with the law. It is humbly suggested herein that depriving the elderly Ripsoms (mother and father), who live within a twenty mile radius of FMC Devens, of a realistic opportunity to continue to visit him on a regular basis by placing him in a distant facility when medical necessity would allow his assignment to Devens, would create a hardship that might affect the healing and turn-arounds occasioned by the defendant's arrest and incarceration.

## ARGUMENT

### A. The Court Should Impose a Sixty Month Sentence

Prior to entering into a plea agreement with the government, the defendant bargained for a sixty month disposition. The government agreed, and the parties ask the Court to enforce their agreement. While the plea agreement, entered into in accordance with the Federal Rule of Criminal Procedure 11 (c)(1)(B), acknowledges that sentencing remains within the sound discretion of the district court, the defendant did bargain for this agreement with the anticipation that the court would enforce it unless its terms are

improper or illegal. Nothing improper or illegal exists in the plea agreement. Fairness, therefore, favors enforcement.

The defendant notes that the sentence requested is actually three months above the maximum end of the advisory guideline range. The Court, however, clearly has the discretion to impose a sentence outside the advisory range. See United States v. Booker, 543 U.S. 220 (2005). In imposing any sentence, a sentencing court must make a determination as to whether the sentence is reasonable in accordance with the factors enumerated in 18 U.S.C. § 3553(a). Booker, 543 U.S. at 261. The section 3553(a) factors pertinent here include the need for deterrence, the seriousness of the offense conduct, the goal of avoiding unwarranted sentencing disparities, the personal characteristics of the defendant, and the need to provide the defendant with the appropriate treatment and medical care.

Examining the § 3553(a) factors as a whole, the parties agreed upon sentencing recommendation is reasonable. The defendant acknowledges that his offense was serious. Sixty months reflects an appropriate time period to punish the offense and deter others from similar future conduct. The sentence, however, also considers the defendant's personal battles in overcoming devastating personal loss and coping with a debilitating addiction. Moreover, the defendant needs both medical treatment and drug therapy. A sixty month sentence represents an appropriate period of incarceration time to allow the defendant to receive the treatment that he needs. With appropriate medical and drug addiction treatment, the defendant stands to emerge from his term of incarceration as a person equipped to function in, and contribute to, society. The parties considered all these factors when reaching their plea agreement. Unless this plea bargain doe violence

5

to the factors enumerated in 18 U.S.C. § 3553(a), the Court should enforce it. As this agreement runs consistent with the section 3553(a) factors, the Court should grant the defendant his bargained-for result and sentence him to a term of incarceration of sixty months.

B.  The Defendant Needs Medical and Drug Treatment

The defendant has battled a cocaine addiction for a significant portion of his adult life. Although he apparently quelled the addiction for fifteen years, he obviously did not conquer it. The death of his girlfriend left the defendant at the mercy of his addiction. The desire for cocaine became so overwhelming that he resorted to criminal activity to continue its use. The defendant needs to ensure that his addiction never surfaces again. He needs intensive drug treatment as provided by the BOP through its comprehensive drug treatment program. The defendant, therefore, asks the Court to recommend that the BOP place him in the 500 hour drug treatment program as soon as possible. Proper therapy and treatment are essential to the defendant's chances of a complete recovery from his addiction.

Beyond the drug addiction, the defendant suffers from various medical conditions. He has diabetes, clinical depression, high blood pressure, and hepatitis C. The seriousness of these illnesses warrants his placement in a specially designated medical facility. The defendant asks the Court to recommend his placement in FMC Devens in Ayer, Massachusetts. Although medical facilities exist in places like Buttner, North Carolina and Rochester, Minnesota, the defendant's mother is infirm and unable to travel to remote parts of the country to visit with her son, and his father is an octogenarian. Contact and support from the defendant's family likely will prove critical to his recovery

6

and eventual transition back into society. In order to ensure family involvement, therefore, the defendant asks the Court to recommend his placement at the federal medical center at Fort Devens. Receiving the proper care and treatment in a facility close to his family may prove determinative in the defendant's physical and psychological rehabilitation.

## CONCLUSION

For the foregoing reasons, the defendant asks the Court to impose a sentence of 60 months in prison. In addition, the defendant asks the Court to recommend his designation to FMC Devens in Ayer, Massachusetts and his placement in the BOP's comprehensive drug treatment program.

Dated: October 26, 2006

Respectfully submitted,

GEORGE A. RIPSOM,
By his attorneys,

/s/ Brad Bailey
Brad Bailey (MA BBO#549749)
Gary G. Pelletier (MA BBO#631732)
DENNER PELLEGRINO, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114
617-227-2800

### Memorandum of Law

Whereas the relief sought is within the sound discretion of the Court, a Supporting Memorandum of Law is not required nor filed herewith.

/s/ Brad Bailey
Brad Bailey

7